## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dennis Alexander Minarcaja Concha,<br><br>                              Petitioner,<br><br>                    -v-<br><br>Todd Lyons, in his official capacity, Field Office Director for U.S. Immigration and Customs Enforcement (ICE) in New York; Kristi Noem, in her official capacity, Secretary of the Department of Homeland Security; Pamela Bondi, in her official capacity, Attorney General,<br><br>                              Respondents. | 2:25-cv-6695<br>(NJC) |

## <u>ORDER TO SHOW CAUSE</u>

NUSRAT J. CHOUDHURY, United States District Judge:

This case has been assigned to me for all purposes. On December 3, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. *See* ECF No. 1. Petitioner also filed an Application for Issuance of Order to Show Cause, "directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted." (ECF No. 1-1.)

Respondents are **ORDERED** to show cause why the Petition for Writ of Habeas Corpus should not be granted by **December 9, 2025**. Petitioner's Reply, if any, shall be filed by **December 11, 2025**.

The parties are further **ORDERED** to appear before this Court for a hearing on the petition on **December 12, 2025 at 2:30 PM**. The hearing will be held in Courtroom 1040 of the Alfonse D'Amato United States Courthouse, 100 Federal Plaza, Central Islip, New York, 11722.

**To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.** *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction")[1]; *Garcia-Izquierdo v. Gartner*, No. 04-cv-7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Chan v. Almodovar*, No. 25-cv-5095, ECF No. 14 (E.D.N.Y. Sept. 10, 2025) ("Solely to preserve the Court's jurisdiction over this matter pending a ruling by the assigned judge on the pending motion for a TRO, plaintiff-petitioner shall not be removed from the United States unless and until the assigned judge orders otherwise."); *Khalil v. Joyce*, No. 25-cv-1935, ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, **it is further ORDERED that Petitioner shall not be transferred except to a facility within this District, the Southern District of New York, or the District of New Jersey absent further order of**

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

this Court. *See Ozturk v. Trump*, No. 25-cv-374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25-cv-229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19-cv-1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20-cv-22999, ECF No. 13 (S.D. Fl. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nyed.uscourts.gov/pub/rules/NJC-MLR.pdf.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.

*See* EDNY CMECF NextGen Information, *available at* https://www.nyed.uscourts.gov/cmecf-nextgen-information.

 In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least three (3) business days prior to the scheduled appearance or deadline. Judge Choudhury Individual Rule 1.7.3. The written submission must state: (1) the reason for the request; (2) the original date(s); (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) three proposed dates for adjournment or extension of time that are mutually convenient to the parties. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

 **Within two days of this Order, Petitioner's counsel must(1) serve Respondents with a copy of the petition and accompanying papers, along with a copy of this Order, by email to the United States Attorney's Office for the Eastern District of New York and by overnight mail, and (2) promptly file proof of such service on the docket.** Counsel for Respondents shall promptly enter notices of appearance.

Dated: Central Islip, New York
   December 4, 2025

          */s/ Nusrat J. Choudhury*
          NUSRAT J. CHOUDHURY
          United States District Judge