UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dennis Alexander Minarcaja Concha,<br><br>Petitioner,<br><br>-v-<br><br>Todd Lyons, *in his official capacity, Field Office Director for U.S. Immigration and Customs Enforcement (ICE) in New York*; Kristi Noem, *in her official capacity, Secretary of the Department of Homeland Security*; Pamela Bondi, *in her official capacity, Attorney General*,<br><br>Respondents. | 2:25-cv-6695<br>(NJC) |

## **MEMORANDUM & ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Dennis Alexander Minarcaja Concha commenced this action by filing a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that Immigration and Customs Enforcement ("ICE") unlawfully detained him following his report for an ICE check-in appointment. In the course of proceedings to resolve the merits of the Petition, Respondents violated two clear and unambiguous orders of this Court—a December 4, 2025 Order to Show Cause and a December 8, 2025 Order to Produce Mr. Minarcaja Concha for a December 12, 2025 hearing before this Court—by putting Mr. Minarcaja Concha on a flight from New Jersey to Texas and transporting him to New Mexico for detention. The day before the hearing, however, Respondents submitted to the Court a declaration from an ICE official, who made the false statement that Mr. Minarcaja Concha was located in New Jersey and would be brought in person to the December 12, 2025 hearing in compliance with this Court's Orders.

Respondents' violation of Court Orders and false statements to this Court had adverse consequences for Mr. Minarcaja Concha. Respondents failed to bring him before this Court for an in-person hearing on his Petition, where the Court ultimately ruled that his detention in ICE custody violated his rights under the Fifth Amendment to the U.S. Constitution. Moreover, Respondents' violations and false statements delayed Mr. Minarcaja Concha's release from ICE custody by more than 31 hours, requiring him to be flown back from Texas (or New Mexico, as this Order explains below) to the Eastern District of New York, where he had been initially arrested and detained, for release to family who could take him home.[1]

At the conclusion of the December 12, 2025 hearing, this Court reserved decision on whether to hold an evidentiary hearing on whether Respondents should be sanctioned with civil or criminal contempt in light of their violation of two clear and unambiguous Court Orders. The Court has heard from the parties since then. Mr. Minarcaja Concha has elected not to pursue a motion for contempt sanctions due to his limited resources. Respondents contend that they made a mistake and admit that their conduct violated this Court's Orders.

---

[1] In granting habeas relief, this Court ordered Respondents to return Mr. Minarcaja Concha to Long Island where he was arrested and initially detained, rather than release him directly from the New Mexico detention facility where Respondents had taken him in violation of this Court's Orders. Release in New Mexico, where Mr. Minarcaja Concha has no family or friends and where he would need to make his way back home without assistance or resources, would have caused him even greater harm than requiring Respondents to return him to the Eastern District of New York for release.

Moreover, Respondents' initial proposal for returning Mr. Minarcaja Concha to this District did not contemplate his release until around *48 hours* after the hearing at which this Court ruled that his detention was unconstitutional. (*See* Declaration of Carla Calidonio ("Calidonio Decl.") ¶ 8, ECF No. 21-1.) Only at the Court's direction did Respondents alter their plans so that Mr. Minarcaja Concha was returned to the Eastern District of New York by late in the evening on the day after the hearing—around 31 hours after the Court granted the Petition. (Dec. 12, 2025 Hr'g Tr. 49:18–52:22.)

For the reasons explained below, the Court will not hold further contempt proceedings at this time in light of the fact that Mr. Minarcaja Concha has been released, which obviates the need for civil contempt sanctions to induce compliance with the two Court Orders that Respondents violated. Rather, the Court sets forth below its factual findings relating to Respondents' violation of Court Orders and submission of false statements to the Court and holds this matter in abeyance.

## FACTUAL FINDINGS

### I. The Relevant Court Orders

Mr. Minarcaja Concha filed the Petition on December 3, 2025, challenging the lawfulness of his detention by ICE and seeking his immediate release, among other things. (Pet. For Writ of Habeas Corpus ("Pet."), ECF No. 1.) The following day, on December 4, 2025 at 10:34 a.m., the Court issued an Order to Show Cause ordering Respondents to show why the Petition should not be granted by December 9, 2025, and scheduled a hearing to take place on December 12, 2025 at 2:30 p.m. (Order to Show Cause, ECF No. 6.) In the Order to Show Cause, the Court prohibited Respondents from removing Mr. Minarcaja Concha from the United States absent court order as follows:

> **To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise**. *See, e.g., Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction").

(Order to Show Cause at 2 (bold in original).) The Court also prohibited Respondents from transferring Mr. Minarcaja Concha to a detention facility outside of three specific federal judicial Districts in the New York City area as follows:

3

> Additionally, in light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, **it is further ORDERED that Petitioner shall not be transferred except to a facility within this District, the Southern District of New York, or the District of New Jersey absent further order of this Court.** *See Ozturk v. Trump*, No. 25-cv-374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), stay and mandamus denied, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25-cv-229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19-cv-1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20-cv-22999, ECF No. 13 (S.D. Fl. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

(*Id*. at 2–3.)

The next day, on December 5, 2025, the Court held a teleconference with the parties to discern where ICE was detaining Mr. Minarcaja Concha. (*See* Elec. Order, Dec. 4, 2025.) Respondents represented that he was being held in the Nassau County Correctional Center ("Nassau County Jail"), but did not confirm whether he would be moved to another detention facility before the December 12, 2025 hearing. (*See* Min. Entry, Dec. 5, 2025.) The Court reminded Respondents of the Order to Show Cause, which prohibited them from transferring Mr. Minarcaja Concha to any facility located outside of three specific federal judicial districts. (*See id*.)

On December 8, 2025 at 9:12 a.m., the Court issued an Order to Produce, which required the following:

> The United States District Court for the Eastern District of New York commands U.S. Immigration and Customs Enforcement to have **petitioner Dennis Alexander Minarcaja Concha (USSCIS A#: 241826339)**, who is presently detained at Nassau County Correctional Center, 100 Carman Avenue, East Meadow, NY 11554, to be

brought under safe and secure custody to Courtroom 1040, before the Honorable Nusrat J. Choudhury, United States District Judge, at the United States Courthouse for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722, on **Friday, December 12, 2025 at 2:30pm**.

(Order to Produce, ECF No. 11, at 1 (bold in original).)

On December 10, 2025, Respondents submitted their opposition to the Petition, which indicated for the first time that, following his arrest on December 3, 2025, ICE had detained Mr. Minarcaja Concha for around 24 hours in a facility known as "the Central Islip Hold Room," which is located inside the Alfonse D'Amato U.S. Courthouse in Central Islip, New York. (ECF No. 14 at 9.) Later that day, the Court required Respondents to file a supplemental submission providing additional information regarding the conditions of Mr. Minarcaja Concha's detention in the Central Islip Hold Room. (Elec. Order, Dec. 10, 2025.)[2]

## II.  Respondents' Conduct

Unbeknownst to the Court, on December 10, 2025—six days after issuance of the Court's Order to Show Cause prohibiting Respondents from transferring Mr. Minarcaja Concha outside of the Eastern District of New York, Southern District of New York, and District of New Jersey—ICE put Mr. Minarcaja Concha on a flight from New Jersey to Texas pursuant to "approval from ICE's El Paso Field Office (ERO-El Paso) to transfer a large number of detainees to detention facilities in that Field Office's Area of Responsibility." (Declaration of Carla Calidonio ("Calidonio Decl.") ¶ 4, ECF No. 21-1.)

However, on December 11, 2025, Respondents filed a letter to the Court along with a declaration from ICE Deportation Officer Achillies Shinas, which contains false statements

---

[2] A separate Opinion and Order of this Court details the shocking conditions of Mr. Minarcaja Concha's confinement in the Central Islip Hold Room, which fall below minimum standards for ICE detention facilities. (ECF No. 28.)

concerning Mr. Minarcaja Concha's location and Respondents' purported compliance with the Order to Show Cause. (*See* ECF No. 19 (letter); ECF No. 19-1 (Second Shinas Declaration).) Shinas falsely stated that Mr. Minarcaja Concha "remains detained [at Elizabeth Contract Detention Facility] in compliance with this Court's Order," referring to the December 4, 2025 Order to Show Cause. (Second Shinas Decl. ¶ 17.)

On the morning of December 12, 2025, ICE contacted the undersigned's Courtroom Deputy to indicate that it would *not* produce Mr. Minarcaja Concha for the 2:30 p.m. hearing on the Petition that day. (*See* Elec. Order, Dec. 12, 2025.) The Court promptly issued the following Order requiring Respondents to show cause as to why they should not be sanctioned:

> The Court has been notified by ICE that Mr. Minarcaja Concha has not been brought to the United States Courthouse for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722 for this afternoon's Show Cause hearing at 2:30 PM, in violation of this Court's Order to Produce. (ECF No. 11.) **Respondents shall show cause by 2:00 PM why Mr. Minarcaja Concha has not been produced and why they should not be sanctioned for failing to produce Mr. Minarcaja Concha in compliance with this Court's Order.**

(*Id*. (bold in original).)

Shortly before the hearing, Respondents submitted a letter and declaration from ICE Assistant Field Office Director Carla Calidonio, reporting that ICE had transported Mr. Minarcaja Concha to El Paso, Texas on December 10, 2025. (Calidonio Decl. ¶¶ 4–6.) The Calidonio Declaration consists of hearsay statements based not on personal knowledge, but on information gathered from unidentified sources and persons. (*See id*. ¶ 2 ("The following representations are based on consultation with my colleagues, and review of ICE electronic records and databases.").)

Calidonio incorrectly attests that the facility to which Mr. Minarcaja Concha was transported on December 10, 2025 is the Cibola County Correctional Center in Cibola, Texas.

(*Id*. ¶ 6.) I take judicial notice that, according to ICE's own website, the Cibola County Correctional Center is located in *Milan, New Mexico*.[3] I also take judicial notice that a Google Maps search for Cibola, Texas, yields no results, and that a Google Maps search for the Cibola County Correctional Center yields a result located in Milan, New Mexico.[4]

At the December 12, 2025 hearing, the Court questioned Respondents as to why ICE transported Mr. Minarcaja Concha outside of the three enumerated districts in violation of two Court Orders. (Min. Entry, Dec. 12, 2025.) Counsel for Respondents stated the following:

> Your Honor, we do not deny that [Mr. Minarcaja Concha's transfer] was in violation of your orders, but it was extremely regrettable and the actions were errors. ICE was aware of your orders, they took steps to abide by your orders. They entered notices, multiple notices, in their system, in accordance with your order so they could comply. And, in fact, the petitioner in the hearing prior was produced, which evidences it wasn't a flagrant disregard for your court's orders. It was extreme oversight, it's entirely unclear at this point exactly how it happened and who is responsible, but we can only say we're exceptional [sic] apologetic to the Court and petitioner. This was certainly not intentional.

(Dec. 12, 2025 Hr'g Tr. 5:1–13.)

### III. Mr. Minarcaja Concha's Delayed Release Due to Respondents' Violation of Court Orders

After carefully considering the parties' written submissions and oral arguments and Mr. Minarcaja Concha's answers to the Court's questions at the December 12, 2025 hearing, the Court concluded that ICE was detaining Mr. Minarcaja Concha in violation of his Fifth

---

[3] *See Cibola County Correctional Center*, U.S. Immigrations and Customs Enforcement, https://www.ice.gov/detain/detention-facilities/cibola-county-correctional-center (last visited Jan. 29, 2026) (listing facility address as 2000 Cibola Loop, Milan, New Mexico, 87021 United States); *see also Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 262 (S.D.N.Y.), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (recognizing that a court may take judicial notice of information available on an official government website).
[4] Cibola, TX, Google Maps, http://maps.google.com/ (searching "Cibola Texas"); Milan, NM, Google Maps, http://maps.google.com/ (searching "Cibola County Correctional Center").

Amendment right to procedural due process for the reasons explained on the record,[5] and ordered Respondents to immediately transfer him from Texas to the Eastern District of New York to effect his release. (Min. Entry, Dec. 12, 2025; Order, ECF No. 22.)[6] The Court further ordered the parties to appear for a December 13, 2025 telephone conference to address the status of Respondents' compliance with this Court's release order and the parties' positions on whether Respondents should be sanctioned for violating this Court's Orders. (*Id.*)

During the December 13, 2025 telephone conference, Mr. Minarcaja Concha's counsel sought additional time to report whether Mr. Minarcaja Concha would pursue a sanctions motion because counsel was unable to consult with Mr. Minarcaja Concha while ICE was transporting him back to the Eastern District of New York. (Min. Entry, Dec. 13, 2025.) The Court set another conference for January 5, 2026, to address the parties' positions on whether Respondents' violation of the Court's Orders warranted sanctions. (*See id.*)

On December 15, 2025, Respondents filed a letter with the Court confirming that ICE returned Mr. Minarcaja Concha to Suffolk County, New York on December 13, 2025, and released him from custody that day. (ECF No. 25.)

At the January 5, 2026 conference with the Court, Mr. Minarcaja Concha's counsel reported that Mr. Minarcaja Concha will not move for sanctions, but has no objection to further contempt proceedings. (Min. Entry, Jan. 6, 2026.) Counsel for Respondents argued that Mr. Minarcaja Concha's transfer from New Jersey to the Cibola County Correctional Center was an accident and not the result of intentional disobedience or misconduct. (*Id.*)

---

[5] The Court noted that its reasons would be set forth in more detail in a forthcoming written opinion and order. The Court issued that Opinion and Order on January 28, 2026. (ECF No. 28.)

[6] At the time of the Court's oral ruling, the Court understood that the Cibola County Correctional Facility was located in Texas, as represented (incorrectly) in the Calidonio Declaration.

## DISCUSSION

"[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks omitted). There are two forms of contempt: criminal and civil. While the purpose of criminal contempt is to punish contumacious conduct, the purpose of civil contempt is remedial and compensatory. *Doral Produce Corp. v. Paul Steinberg Assoc., Inc.*, 347 F.3d 36, 38 (2d Cir. 2003) (addressing punitive nature of criminal contempt); *Paramedics Electromedicina Comercial Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) ("The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged."); *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (Civil contempt sanctions "may be coercive, to secure compliance with court orders, or they may be compensatory").

As a threshold matter, the record establishes that Respondents violated two clear and unambiguous Court Orders in transporting Mr. Minarcaja Concha from New Jersey to New Mexico on December 10, 2025. The December 4, 2025 Order to Show Cause clearly and unambiguously ordered Respondents not to transfer Mr. Minarcaja Concha *anywhere* outside of three specific judicial districts—the Eastern District of New York, Southern District of New York, and District of New Jersey. (Order to Show Cause at 2.) And the December 8, 2025 Order to Produce unambiguously ordered Respondents to physically bring Mr. Minarcaja Concha to the Alfonse D'Amato U.S. Courthouse for the December 12, 2025 hearing. (Order to Produce at 1.) Both orders are "clear and unambiguous." *CBS Broadcasting Inc.*, 814 F.3d at 98. Respondents point to no text in either written order that they did not understand. (*See* ECF No. 21; Dec. 12, 2025 Hr'g Tr.; Dec. 13, 2025 Hr'g Tr.) By contrast, both counsel for Respondents and Calidonio

admit that Respondents' transfer of Mr. Minarcaja Concha to a correctional facility located far outside the Eastern District of New York, Southern District of New York, and District of New Jersey violated this Court's Orders. (Dec. 12, 2025 Hr'g Tr. 5:1–13; Calidonio Decl. ¶ 8.)

Moreover, the proof of Respondents' noncompliance with both Orders "is clear and convincing." *CBS Broadcasting Inc.*, 814 F.3d at 98. Respondents' filings and statements in response to this Court's Order requiring them to show why they should not be sanctioned demonstrate that ICE blatantly failed to bring Mr. Minarcaja Concha before this Court on December 12, 2025, as required by the Order to Produce. (*See* Calidonio Decl. ¶¶ 6, 9; Dec. 12, 2025 Hr'g Tr. 5:1–13, 6:11–16.) Moreover, in violation of both the Order to Produce *and* the December 4, 2025 Order to Show Cause, ICE put Mr. Minarcaja Concha on a plane and flew him from New Jersey to Texas with the goal of detaining him in a New Mexico facility (one that Respondents incorrectly represent as being located in Texas). (*Id.*)

The Court provided Respondents several opportunities to show why they should not be sanctioned for transporting Mr. Minarcaja Concha to New Mexico on December 10, 2025. On December 12, 2025, the Court ordered Respondents to show cause why they should not be sanctioned for failing to comply with the Order to Produce. Respondents provided the Calidonio Declaration, and made certain representations during the December 12, 2025 hearing, the December 13, 2025 teleconference, and the January 5, 2026 teleconference, all of which boil down to the position that ICE made an "inadvertent[]" error. (Calidonio Decl. ¶ 6; Dec. 12, 2025 Hr'g Tr.; Dec. 13, 2025 Hr'g Tr.; Min. Entry, Jan. 6, 2026.) Calidonio asserts that ICE's internal records were inexplicably not updated until December 12, 2025 at 10:55 a.m. to reflect that Mr. Minarcaja Concha was transported from New Jersey to Texas on December 10, 2025. (Calidonio Decl. ¶ 6.) According to Calidonio, because of this delay, on December 11, 2025, unidentified

10

staff at ICE New York Enforcement Removal Operations, the Elizabeth Contract Detention Facility, and ICE contractors indicated that Mr. Minarcaja Concha would be brought before this Court on December 12, 2025. (*Id.* ¶ 7.)

However, closer inquiry of the record raises serious questions about whether Respondents intended to violate this Court's Orders or whether Respondents knew, or reasonably should have known, that they were violating such Orders by putting Mr. Minarcaja Concha on a flight from New Jersey to Texas just days before the December 12, 2025 hearing before this Court. *See Doral Produce Corp.*, 347 F.3d at 38 (recognizing that criminal contempt sanctions may be imposed where a party's noncompliance with a court order was "committed with a specific intent to consciously disregard an order of the court, or where the defendant knows or should reasonably be aware he or she is in the wrong").

First, although Calidonio attests that on December 5, 2025, an unknown person at ICE updated the agency's electronic records to reflect this Court's Order to Show Cause prohibiting Mr. Minarcaja Concha from being transferred out of the three identified federal judicial districts, she fails to show that anyone at ICE ever *consulted those records* between December 5 and December 10, 2025, to ensure that ICE did not include Mr. Minarcaja Concha on the December 10, 2025 flight from New Jersey to Texas. Based on the factual record, no one at ICE ever consulted the agency's electronic records relating to court orders prohibiting ICE from transferring specific detainees prior to placing Mr. Minarcaja Concha's name on the flight manifest and further transporting him from Texas to the Cibola County Correctional Facility in New Mexico.

Second, Calidonio fails to show that Respondents, including ICE, took any steps to update ICE's electronic records relating to detainee transport to reflect the Court's December 8,

11

2025 Order to Produce. Nowhere does Calidonio or any other declarant with personal knowledge indicate that ICE promptly updated such records to reflect that this Court had ordered ICE to physically bring Mr. Minarcaja Concha in person to the Alfonse D'Amato U.S. Courthouse in Central Islip on December 12, 2025 at 2:30 p.m. for a hearing on his habeas petition.

Third, and relatedly, Respondents fail to identify what records ICE consulted before filing the December 11, 2025 Second Shinas Declaration, which made false statements to the Court about where Mr. Minarcaja Concha was detained *and* ICE's compliance with this Court's Order to Show Cause. Shinas, an ICE official, falsely stated that Mr. Minarcaja Concha was detained at the Elizabeth Contract Detention Facility in New Jersey "in compliance with this Court's Order [to Show Cause]," even though ICE had already flown him to Texas the day before. (Second Shinas Decl. ¶ 17.) Although Calidonio asserts that certain ICE electronic records were not updated to reflect that Mr. Minarcaja Concha had already been flown to Texas until December 12, 2025 at 10:55 a.m., Respondents do not identify when Shinas consulted any records or persons or what specific records or persons Shinas consulted before submitting a declaration containing false statements to this Court.

For all of these reasons, the record before the Court raises serious questions about whether Respondents intended to violate two Orders of this Court or knew, or reasonably should have known, that it was violating Court Orders in putting Mr. Minarcaja Concha on a flight from New Jersey to Texas just two days before the December 12, 2025 hearing in the Eastern District of New York. Respondents' violation of this Court's Orders is all the more troubling in light ICE's recent failure to produce a habeas petitioner at a Show Cause hearing in the Alfonse

12

D'Amato Courthouse before another judge of this District. *See Clarke v. U.S. Department of Homeland Security, et al.*, No. 25-cv-6773, 2025 WL 3674471 (E.D.N.Y. Dec. 18, 2025).[7]

Mr. Minarcaja Concha has been released from ICE custody by order of this Court, and Respondents admit that their violation of this Court's Orders "is a serious breach of its obligations and profoundly apologize[] to the court." (Calidonio Decl. ¶ 9.) Accordingly, at this time, the Court will not hold an evidentiary hearing to determine whether to impose contempt sanctions but will nevertheless hold this matter in abeyance.

## CONCLUSION

For the reasons explained above, this Order sets forth factual findings relating to Respondents' violations of two clear and unambiguous Orders of this Court and submission of a declaration containing false statements, which resulted in Respondents' failure to bring Mr. Minarcaja Concha before this Court on December 12, 2025, and delayed his release from ICE custody by more than around 31 hours following this Court's determination that ICE was detaining him in violation of his Fifth Amendment rights. The Court will not hold further contempt proceedings at this time, but holds the matter in abeyance.

Dated: Central Islip, New York
February 4, 2026

                                                         */s/ Nusrat J. Choudhury*
                                                        NUSRAT J. CHOUDHURY
                                                        United States District Judge

---

[7] Other federal district courts have noted ICE's repeated violation of court orders. *See, e.g., Juan T.R. v. Noem et al.*, 0:26-cv-0107, 2026 WL 232015 (D. Minn. Jan. 28, 2026) (citing 96 court orders across 74 cases within the District of Minnesota violated by ICE in January 2026).